# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: RAILWAY INDUSTRY EMPLOYEE
NO-POACH ANTITRUST LITIGATION                              MDL No. 2850

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in one Western Pennsylvania action moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Pennsylvania. The motion before the Panel involves three actions pending in two districts, as listed on Schedule A. The Panel also has been notified of fourteen potentially-related actions ("potential tag-along actions") pending in the District of Maryland, the Western District of Pennsylvania, and the District of South Carolina.[1] Defendants Westinghouse Air Brake Technologies Corporation, Faiveley Transport North America Inc., Railroad Controls, LP, Knorr-Bremse AG, Knorr Brake Company LLC, and New York Air Brake LLC support the motion, as do plaintiffs in four Western District of Pennsylvania actions and potential tag-along actions. Plaintiff in one of these actions requests that the litigation be recaptioned "In re Railway Industry Employee 'No-Poach' Antitrust Litigation." Plaintiffs in nine District of Maryland actions and potential tag-along actions suggest centralization in the District of Maryland. Plaintiffs in the District of South Carolina potential tag-along action propose the District of South Carolina or, alternatively, the District of Maryland as transferee district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that these actions share factual issues concerning allegations that defendants engaged in a conspiracy not to recruit, solicit, or hire each other's personnel without prior approval, which resulted in suppressing the compensation of defendants' personnel, in violation of Section 1 of the Sherman Act. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Western District of Pennsylvania is an appropriate transferee forum for this litigation. Certain defendants or their subsidiaries are located in or near this district, and six actions are pending in the Western District of Pennsylvania. Judge Joy Flowers Conti is an experienced transferee judge who is willing and able to handle this litigation.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

We decline one plaintiff's request to recaption the MDL, as plaintiff provides no explanation of why he seeks to change the MDL's caption or any reason why the Panel should grant the request.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Western District of Pennsylvania , and, with the consent of that court, assigned to the Honorable Joy Flowers Conti for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: RAILWAY INDUSTRY EMPLOYEE**
**NO-POACH ANTITRUST LITIGATION**                              MDL No. 2850

## SCHEDULE A

<u>District of Maryland</u>

ARCURI, ET AL. v. KNORR-BREMSE AG, ET AL., C.A. No. 1:18-01191

<u>Western District of Pennsylvania</u>

CARRUTH v. KNORR-BREMSE AG, ET AL., C.A. No. 2:18-00469
THEOBALD v. KNORR-BREMSE AG, ET AL., C.A. No. 2:18-00526